UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MOV-ology LLC,<br><br>                    Plaintiff,<br>v.<br><br>Oracle Corporation and<br>Oracle America, Inc.,<br><br>                    Defendants. | Civil Action No. 1:25-cv-246<br><br><br><br>**Jury Trial Demanded** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MOV-ology LLC files this Original Complaint for patent infringement against Defendants Oracle Corporation and Oracle America, Inc. ("Oracle") and alleges the following:

**Nature of the Action**

1.      MOV-ology sues to stop, and to recover damages caused by, Oracle's infringement of MOV-ology's patents.

2.      Founded in 2011 as MOV Digital Media, Inc., MOV-ology has spent the last 13 years developing and commercializing its proprietary Capture® software. Capture® allows businesses to amplify their online lead generation and remarketing capability by capturing data as soon as a customer types it into a web form. Capture® helps businesses stop losing leads to incomplete forms and improve their digital ad spending efficiency. MOV-ology's Recover® and Automated Postcard ReMarketing services pair with Capture® to help businesses convert leads from incomplete or abandoned web forms into sales. *See* https://automatedremarketing.com/.

3.      As recognition of MOV-ology's innovations, the U.S. Patent & Trademark Office has awarded MOV-ology several patents covering systems and methods for capturing, analyzing, and acting on information gathered from incomplete or abandoned web forms. These patents include U.S. Patent Nos. 9,280,531 (the "'531 patent"), 9,286,282 (the "'282 patent"), 9,589,281 (the "'281 patent"), and 10,769,358 (the "'358 patent").

4.      Since at least March 2016, MOV-ology's website has identified that its patents, including the '531, '282, '281, and '358 patents, cover its products and services:



https://movology.com/patents/.

5.     Oracle is a global computer technology company that aims "to help people see data in new ways, discover insights, [and] unlock endless possibilities." https://www.oracle.com/corporate/. Oracle's product lines include "Cloud Infrastructure," "Cloud Applications," and "Hardware and Software." *Id.* (expanded menu "Products"). Among Oracle's "Cloud Application[]" products are "Customer Experience (CX)" products. *Id.* Among these products are Oracle Infinity, Oracle Eloqua, and Oracle Responsys. Oracle claims its "Infinity Behavioral Intelligence" product allows customers to "collect and evaluate prospect and customer behaviors in real time, use AI and machine learning to obtain intelligence from that data, and combine both to personalize the digital customer experience (CX) at the exact right moment." https://www.oracle.com/cx/marketing/digital-intelligence/. Oracle touts that its "Eloqua Marketing Automation" product helps customers "[c]reate more closed-loop marketing and sales activities and manage cross-channel B2B marketing campaigns that nurture leads across each stage of the buying cycle" through "campaign design, advanced lead scoring, real-time account insights, advanced intelligence, and integrated sales tools." https://www.oracle.com/cx/marketing/automation/eloqua-features/. Oracle advertises that Responsys Campaign Management "delivers advanced intelligence at scale," allowing customers to "create personalized messages based on the individual interests and preferences of customers and prospects." https://www.oracle.com/cx/marketing/campaign-management/. Oracle customers can use Infinity, Eloqua, and Responsys to generate analytics and custom marketing campaigns using intelligence gained from tracking form incompletions and abandonments, as described in the '531, '282, '281, and '358 patents.

6.     MOV-ology at all relevant times has owned all rights in and title to the '531, '282, '281, and '358 patents, including the right to collect past damages for infringement.

**Parties**

7.     Plaintiff MOV-ology LLC is a Delaware limited liability company with offices at 1600 North Kraemer Boulevard, Anaheim, California 92806.

8.     Defendant Oracle Corporation is a publicly traded Delaware corporation registered to do business in Texas. Defendant Oracle Corporation maintains its global corporate headquarters in the Western District of Texas at 2300 Oracle Way, Austin, Texas 78741.

9.     Defendant Oracle America, Inc. is a Delaware corporation registered to do business in Texas. Defendant Oracle America, Inc. also maintains its headquarters at 2300 Oracle Way, Austin, Texas 78741.

10.     Each Defendant may be served through their shared registered agent in Texas, Corporation Service Company, at 211 East 7th Street, Austin, Texas 78701.

**Jurisdiction and Venue**

11.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This case presents a federal question under U.S. patent law, 35 U.S.C. §§ 271, 281, 284, 285.

12.     This Court has general personal jurisdiction over Oracle because each defendant has engaged in substantial activity within this State and District. The Court has specific jurisdiction over Oracle because it has caused acts of infringement to occur in this District in violation of 35 U.S.C. § 271. Oracle designs, develops, tests, uses, markets, and sells its infringing products and services in this District to customers in this District. Because Oracle maintains more than purposeful minimum contacts here, including its global headquarters, the Court's exercise of jurisdiction would not offend any notions of fair play and substantial justice.

13.     Venue is proper as to each Defendant under 28 U.S.C. § 1400(b) because each Defendant has registered to do business in Texas and maintains a regular and established place of

business on the eponymous Oracle Way in Austin, Texas. Established in 2018 to house at least

10,000 workers, this District became home to Oracle's global headquarters in 2020. *See, e.g.*,

https://www.reuters.com/business/oracle-moves-headquarters-texas-silicon-valley-2020-12-11/.

**The Asserted Patents**

14.     The '531 patent, titled "Marketing to Consumers Using Data Obtained from

Abandoned Electronic Forms," issued March 8, 2016. MOV-ology co-founders Thomas Ling

and Peter Norton filed the application that led to the '531 patent on June 18, 2014.

15.     The '282 patent, titled "Obtaining Data from Abandoned Electronic Forms,"

issued March 15, 2016. MOV-ology co-founders Thomas Ling and Peter Norton filed the

application that led to the '282 patent on June 18, 2014.

16.     The '281 patent, titled "Obtaining Data from Incomplete Electronic Forms,"

issued March 7, 2017. MOV-ology co-founders Thomas Ling and Peter Norton filed the

application that led to the '281 patent on February 1, 2016.

17.     The '358 patent, titled "Obtaining Data from Incomplete Electronic Forms,"

issued September 8, 2020. MOV-ology co-founders Thomas Ling and Peter Norton filed the

application that led to the '358 patent on July 9, 2018.

18.     The '531, '282, '281, and '358 patents (the "asserted patents") each claim

provisional priority to U.S. Provisional Application No. 61/908,349, filed November 25, 2013.

19.     The asserted patents are presumed valid and enforceable under 35 U.S.C. § 282.

Exhibit A is a copy of the '531 patent. Exhibit B is a copy of the '282 patent. Exhibit C is a copy

of the '281 patent. Exhibit D is a copy of the '358 patent.

20.     MOV-ology owns all right, title, and interest in the asserted patents, including the right to assert all causes of action involving the asserted patents and the right to any remedies for infringement, including for past damages.

21.     The asserted patents teach technical solutions to an unsolved technological problem. The written description of the asserted patents teaches in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the combination of claim elements differed markedly from and improved on prior conventional or generic solutions. For example, the asserted patents disclose specific computer technology that allows a website owner to know whether a user has abandoned or otherwise not completed a web form and to capture in real or near-real time the unsubmitted information, which data would be lost without the teachings of the asserted patents.

22.     The problem addressed by the asserted patents patent is unique to computer networking applications such as web pages. The phenomenon of potential customers beginning to fill out an online form only to abandon the form without submitting it is a computer networking-specific problem with no non-computer analogue. For example, the inventions claimed in the asserted patents allow a website owner to obtain and retain information about a potential customer even if a customer does not complete a transaction at the website. This can only happen if a user first visits a *website* and at least partially completes an *electronic form*. Such a process cannot happen in a physical store or other physical setting.

23.     The claimed solutions are technical in nature, as well. To illustrate, the asserted claims of the '282 patent require determining that an HTML form has been abandoned, obtaining data from the abandoned form, building a data structure based on the abandoned form, parsing the data to obtain an HTML element with an attribute, and storing the HTML element, attribute,

or user-entered text. Taken together, these computer-implemented operations are specific to HTML web forms and teach technical means of obtaining data from abandoned web forms.

24.    The asserted patents are thus not directed to an abstract idea.

25.    Further, the elements claimed by the asserted patents, taken alone or in combination, were not well-understood, routine, or conventional to one of ordinary skill in the art at the time of the inventions. The asserted patents present technical solutions to problems that only arise in the field of computer technology: how to prevent data loss in web forms that users abandon or otherwise do not complete. The inventions improved existing techniques for capturing data in web forms, which had required users to complete the form or submit credentials like a username and password to log in to a website before that website could capture this form data. The innovative approach of the asserted patents significantly expands the ability to capture data by enabling it without electronic form submission and without a username and password. This approach was not well-understood, routine, or conventional at the time of invention, as website owners relied on form submission or logins to gather data about user activity.

## Count I: Infringement of the '531 Patent

26.    MOV-ology incorporates the preceding paragraphs as if it repeated them all here.

27.    The '531 patent recites 14 claims, including independent claims 1 and 10. *See* Ex. A, 19:30 to 21:3.

28.    Oracle has infringed and continues to infringe, literally or by the doctrine of equivalents, at least claims 1 and 10 of the '531 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '531 patent.

29.    Oracle's products and services that infringe the '531 patent include, for example, its Customer Experience (CX) software suite, including Infinity Behavioral Intelligence.

30.    Oracle's Infinity Behavioral Intelligence software helps customers "[c]apture any behavior and parameter into Infinity Behavioral Intelligence's real-time stream" using "Oracle's CX tag, SDK, and API." https://www.oracle.com/cx/marketing/digital-intelligence/. Oracle advertises that its customers can "[a]ccelerate your data collection around the customer's digital behavior with ready-to-use approaches, build custom behaviors with ready-to-use tools, or develop custom behaviors from scratch." https://www.oracle.com/cx/marketing/digital-intelligence/#rc30p1. Oracle customers can even "[s]tream data while a person is still visiting your digital property," allowing Oracle customers to "observe sessions while they're happening and adjust the personalized experience . . . in real time." *Id.*

31.    Claim 1 of the '531 patent reads:

A method to market to consumers with data obtained from abandoned electronic forms, the method comprising:

   determining that an electronic form accessed by a user has been abandoned by the user, the electronic form having embedded computer-executable instructions and one or more fields configured to accept user-entered text, the electronic form comprising at least one hypertext markup language (HTML) element associated with the one or more fields, the at least one HTML element having at least one attribute;

   obtaining data from the abandoned electronic form with the embedded computer-executable instructions by building a data structure based on the abandoned electronic form;

   parsing the data structure to obtain the at least one HTML element;

   storing one or more of the at least one HTML element, the at least one attribute, and the user-entered text;

determining identifying information of the user based at least in part on the user-entered

    text;

identifying a preferred communication medium of the user; and

sending a personalized message to the user based at least in part on the identifying

    information via the preferred communication medium to entice the user to complete

    the electronic form.

Ex. A, 19:31-56.

      32.    A claim chart showing an example of how Oracle infringes the '531 patent accompanies this Complaint at Exhibit E.

      33.    Oracle has known about the '531 patent since at least the date of service of this Complaint.

      34.    At least as early as Oracle's knowledge of the '531 patent, Oracle indirectly infringes the '531 patent in the United States by inducement under 35 U.S.C. § 271(c). Oracle knowingly and intentionally induces infringement of the '531 patent by intending others to make, use, offer for sale, or sell in the United States products or services covered by the '531 patent. Oracle provides these products or services and provides instructions on their use to others, such as platform partners, agency partners, app developers, customers, and end customers, who provision for use, offer for sale, or sell in the United States products or services that directly infringe at least claims 1 and 10 of the '531 patent. *See, e.g.*, https://docs.oracle.com/en/cloud/saas/marketing/infinity-user/Help/getting_started/about_infinity_analytics.htm; https://docs.oracle.com/en/cloud/saas/marketing/infinity-develop/docs/data_collection/form_tracking_plugin.htm; https://docs.oracle.com/en/cloud/saas/marketing/eloqua-user/Help/Dashboards/Dashboards/FormPerformance.htm; https://docs.oracle.com/en/cloud/saas/marketing/infinity-develop/docs/

data_collection/event_tracker_plugin.htm; https://docs.oracle.com/en/cloud/saas/marketing/

eloqua-user/Help/Forms/Tasks/WorkingWithFieldsElementsGroups.htm; https://docs.oracle.

com/en/cloud/saas/marketing/eloqua-user/Help/Forms/FieldsElementsGroups.htm; https://docs.

oracle. com/en/cloud/saas/marketing/infinity-user/Help/actions/actions_scenarios.htm; https://

docs.oracle.com/en/cloud/saas/marketing/infinity-user/Help/actions/actions_behaviors.htm;

https://docs.oracle.com/en/cloud/saas/marketing/infinity-develop/docs/data_collection/verify_

tag.htm; https://www.oracle.com/a/ocom/docs/integrating-infinity-and-responsys.pdf.

35.     Oracle also contributes to the infringement of the '531 patent by others by

knowingly providing products and services that, when configured by Oracle's customers,

partners, or developers, result in a system that directly infringes at least claim 1 of the '531

patent. *See, e.g.*, *id.*

36.     Oracle is liable for infringement of the '531 patent due to its actions in this

District and throughout the United States. Oracle's infringing conduct has caused MOV-ology to

suffer damages and irreparable harm.

## Count II: Infringement of the '282 Patent

37.     MOV-ology incorporates the preceding paragraphs as if it repeated them all here.

38.     The '282 patent recites 15 claims, including independent claims 1 and 9. *See* Ex.

B, 19:12 to 20:45.

39.     Oracle has infringed and continues to infringe, literally or by the doctrine of

equivalents, at least claims 1 and 9 of the '282 patent by making, using, testing, selling, offering

for sale, or importing into the U.S. products and services covered by the '282 patent.

40.     Oracle's products and services that infringe the '282 patent include, for example,

its Customer Experience (CX) software suite, including Infinity Behavioral Intelligence.

41.    Oracle's Infinity Behavioral Intelligence software helps its customers "[c]apture any behavior and parameter into Infinity Behavioral Intelligence's real-time stream" using "Oracle's CX tag, SDK, and API." https://www.oracle.com/cx/marketing/digital-intelligence/. Oracle advertises that customers can "[a]ccelerate your data collection around the customer's digital behavior with ready-to-use approaches, build custom behaviors with ready-to-use tools, or develop custom behaviors from scratch." https://www.oracle.com/cx/marketing/digital-intelligence/#rc30p1. Oracle customers can even "[s]tream data while a person is still visiting your digital property," allowing Oracle customers to "observe sessions while they're happening and adjust the personalized experience . . . in real time." *Id.*

42.    Claim 1 of the '282 patent reads:

A method to obtain data from abandoned electronic forms, the method comprising:

> determining that an electronic form accessed by a user has been abandoned by the user,
> > the electronic form having embedded computer-executable instructions and one or more fields configured to accept user-entered text, the electronic form comprising at least one hypertext markup language (HTML) element associated with the one or more fields, the at least one HTML element having at least one attribute;
>
> obtaining data from the abandoned electronic form with the embedded computer-executable instructions by building a data structure based on the abandoned electronic form and parsing the data structure to obtain the at least one HTML element; and
>
> storing one or more of the at least one HTML element, the at least one attribute, and the user-entered text.

Ex. B, 19:13-29.

43.     A claim chart showing an example of how Oracle infringes the '282 patent accompanies this Complaint at Exhibit F.

44.     Oracle has known about the '282 patent since at least the date of service of this Complaint.

45.     At least as early as Oracle's knowledge of the '282 patent, Oracle indirectly infringes the '282 patent in the United States by inducement under 35 U.S.C. § 271(c). Oracle knowingly and intentionally induces infringement of the '282 patent by intending others to make, use, offer for sale, or sell in the United States products or services covered by the '282 patent. Oracle provides these products or services and provides instructions on their use to others, such as platform partners, agency partners, app developers, customers, and end customers, who provision for use, offer for sale, or sell in the United States products or services that directly infringe at least claims 1 and 9 of the '282 patent. *See, e.g.*, https://docs.oracle.com/en/cloud/saas/marketing/infinity-user/Help/getting_started/about_infinity_analytics.htm; https://docs.oracle.com/en/cloud/saas/marketing/infinity-develop/docs/data_collection/form_tracking_plugin.htm; https://docs.oracle.com/en/cloud/saas/marketing/eloqua-user/Help/Dashboards/Dashboards/FormPerformance.htm; https://docs.oracle.com/en/cloud/saas/marketing/infinity-develop/docs/data_collection/event_tracker_plugin.htm; https://docs.oracle.com/en/cloud/saas/marketing/eloqua-user/Help/Forms/Tasks/WorkingWithFieldsElementsGroups.htm; https://docs.oracle.com/en/cloud/saas/marketing/eloqua-user/Help/Forms/FieldsElementsGroups.htm; https://docs.oracle. com/en/cloud/saas/marketing/infinity-user/Help/actions/actions_scenarios.htm; https://docs.oracle.com/en/cloud/saas/marketing/infinity-user/Help/actions/actions_behaviors.htm.

46.     Oracle also contributes to the infringement of the '282 patent by others by knowingly providing products and services that, when configured by Oracle's customers,

partners, or developers, result in a system that directly infringes at least claim 1 of the '282 patent. *See, e.g.*, *id.*

47.    Oracle is liable for infringement of the '282 patent due to its actions in this District and throughout the United States. Oracle's infringing conduct has caused MOV-ology to suffer damages and irreparable harm.

**Count III: Infringement of the '281 Patent**

48.    MOV-ology incorporates the preceding paragraphs as if it repeated them all here.

49.    The '281 patent recites 20 claims, including independent claims 1, 9, and 17. *See* Ex. C, 19:20 to 21:15.

50.    Oracle has infringed and continues to infringe, literally or by the doctrine of equivalents, at least claims 1, 9, and 17 of the '281 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '281 patent.

51.    Oracle's products and services that infringe the '281 patent include, for example, its Customer Experience (CX) software suite, including Infinity Behavioral Intelligence.

52.    Oracle's Infinity Behavioral Intelligence software helps its customers "[c]apture any behavior and parameter into Infinity Behavioral Intelligence's real-time stream" using "Oracle's CX tag, SDK, and API." https://www.oracle.com/cx/marketing/digital-intelligence/. Oracle advertises that customers can "[a]ccelerate your data collection around the customer's digital behavior with ready-to-use approaches, build custom behaviors with ready-to-use tools, or develop custom behaviors from scratch." https://www.oracle.com/cx/marketing/digital-intelligence/#rc30p1. Oracle customers can even "[s]tream data while a person is still visiting your digital property," allowing Oracle customers to "observe sessions while they're happening and adjust the personalized experience . . . in real time." *Id.*

53.     Oracle bills its Responsys Campaign Management software as "a cross-channel campaign management platform that delivers advanced intelligence at scale so [customers] can create personalized messages based on the individual interests and preferences of customers and prospects." https://www.oracle.com/cx/marketing/campaign-management/. Oracle's customers can "[p]roduce inspiring email marketing messages simply and efficiently with dynamic personalization that ensures every customer is treated as an individual." https://www.oracle.com/cx/marketing/campaign-management/#rc30p1.

54.     Claim 1 of the '281 patent reads:

A method to obtain data from incomplete electronic forms, the method comprising:

      determining that an electronic form accessed by a user is incomplete, the electronic form associated with at least one webpage, the electronic form having one or more fields configured to accept user-entered text, the electronic form comprising at least one hypertext markup language (HTML) element associated with the one or more fields;

      obtaining data from the incomplete electronic form by obtaining a protocol of the at least one webpage, writing a script tag associated with a script file to the at least one webpage according to the protocol, the script tag configured to place the script file onto the at least one webpage, the script file configured to locate the at least one HTML element, building a data structure based on the incomplete electronic form, and parsing the data structure to obtain the at least one HTML element;

      storing one or more of the at least one HTML element and the user-entered text obtained from the incomplete electronic form; and

sending a personalized message to the user based at least in part on the one or more of the

at least one HTML element and the user-entered text obtained from the incomplete

electronic form to entice the user to complete the incomplete electronic form.

Ex. C, 19:20-46.

55.    A claim chart showing an example of how Oracle infringes the '281 patent

accompanies this Complaint at Exhibit G.

56.    Oracle has known about the '281 patent since at least the date of service of this

Complaint.

57.    At least as early as Oracle's knowledge of the '281 patent, Oracle indirectly

infringes the '281 patent in the United States by inducement under 35 U.S.C. § 271(c). Oracle

knowingly and intentionally induces infringement of the '281 patent by intending others to make,

use, offer for sale, or sell in the United States products or services covered by the '281 patent.

Oracle provides these products or services and provides instructions on their use to others, such

as platform partners, agency partners, app developers, customers, and end customers, who

provision for use, offer for sale, or sell in the United States products or services that directly

infringe at least claims 1, 9, and 17 of the '281 patent. *See, e.g.*, https://docs.oracle.com/en/cloud/

saas/marketing/infinity-user/Help/getting_started/about_infinity_analytics.htm; https://docs.

oracle.com/en/cloud/saas/marketing/infinity-develop/docs/data_collection/form_tracking_plugin.

htm; https://docs.oracle.com/en/cloud/saas/marketing/eloqua-user/Help/Dashboards/Dashboards/

FormPerformance.htm; https://docs.oracle.com/en/cloud/saas/marketing/infinity-develop/docs/

data_collection/event_tracker_plugin.htm; https://docs.oracle.com/en/cloud/saas/marketing/

eloqua-user/Help/Forms/Tasks/WorkingWithFieldsElementsGroups.htm; https://docs.oracle.

com/en/cloud/saas/marketing/eloqua-user/Help/Forms/FieldsElementsGroups.htm; https://www.

oracle.com/a/ocom/docs/integrating-infinity-and-responsys.pdf; https://docs. oracle. com/en/

cloud/saas/marketing/infinity-user/Help/actions/actions_scenarios.htm; https://docs.oracle.com/

en/cloud/saas/marketing/infinity-user/Help/actions/actions_behaviors.htm; https://docs.oracle.

com/en/cloud/saas/marketing/infinity-develop/docs/data_collection/verify_tag.htm.

58.    Oracle also contributes to the infringement of the '281 patent by others by

knowingly providing products and services that, when configured by Oracle's customers,

partners, or developers, result in a system that directly infringes at least claims 1, 9, and 17 of the

'281 patent. *See, e.g.*, *id.*

59.    Oracle is liable for infringement of the '281 patent due to its actions in this

District and throughout the United States. Oracle's infringing conduct has caused MOV-ology to

suffer damages and irreparable harm.

**Count IV: Infringement of the '358 Patent**

60.    MOV-ology incorporates the preceding paragraphs as if it repeated them all here.

61.    The '358 patent recites 20 claims, including independent claims 1, 9, and 17. *See*

Ex. D, 19:19 to 22:21.

62.    Oracle has infringed and continues to infringe, literally or by the doctrine of

equivalents, at least claims 1, 9, and 17 of the '358 patent by making, using, testing, selling,

offering for sale, or importing into the U.S. products and services covered by the '358 patent.

63.    Oracle's products and services that infringe the '358 patent include, for example,

its Customer Experience (CX) software suite, including Infinity Behavioral Intelligence.

64.    Oracle's Infinity Behavioral Intelligence software helps its customers "[c]apture

any behavior and parameter into Infinity Behavioral Intelligence's real-time stream" using

"Oracle's CX tag, SDK, and API." https://www.oracle.com/cx/marketing/digital-intelligence/.

Oracle advertises that customers can "[a]ccelerate your data collection around the customer's digital behavior with ready-to-use approaches, build custom behaviors with ready-to-use tools, or develop custom behaviors from scratch." https://www.oracle.com/cx/marketing/digital-intelligence/#rc30p1. Oracle's customers can even "[s]tream data while a person is still visiting your digital property," allowing Oracle customers to "observe sessions while they're happening and adjust the personalized experience . . . in real time." *Id.*

65.    Oracle bills its Responsys Campaign Management software as "a cross-channel campaign management platform that delivers advanced intelligence at scale so [customers] can create personalized messages based on the individual interests and preferences of customers and prospects." https://www.oracle.com/cx/marketing/campaign-management/. Oracle customers can "[p]roduce inspiring email marketing messages simply and efficiently with dynamic personalization that ensures every customer is treated as an individual." https://www.oracle.com/cx/marketing/campaign-management/#rc30p1.

66.    Claim 17 of the '358 patent reads:

A method to obtain data from incomplete electronic forms, the method comprising:

assessing an incomplete electronic form comprising at least one hypertext markup

language (HTML) element and user-entered text entered by a user;

obtaining a protocol of at least one webpage associated with the incomplete electronic

form;

writing a script tag associated with a script file to the at least one webpage according to

the protocol, the script tag configured to place the script file onto the at least one

webpage, the script file configured to locate the at least one HTML element;

building a data structure based on the incomplete electronic form that comprises at least

the user-entered text;

communicating with one or more databases to obtain additional information about the

user based at least in part on the user-entered text obtained from the incomplete

electronic form;

storing contact profile information that comprises at least a portion of the user-entered

text obtained from the incomplete electronic form and at least a portion of the

additional information about the user obtained from the one or more databases; and

sending a personalized message to the user based at least in part on the at least one

HTML element and the contact profile information.

Ex. D, 21:8 to 22:12.

67.     A claim chart showing an example of how Oracle infringes the '358 patent

accompanies this Complaint at Exhibit H.

68.     Oracle has known about the '358 patent since at least the date of service of this

Complaint.

69.     At least as early as Oracle's knowledge of the '358 patent, Oracle indirectly

infringes the '281 patent in the United States by inducement under 35 U.S.C. § 271(c). Oracle

knowingly and intentionally induces infringement of the '3581 patent by intending others to

make, use, offer for sale, or sell in the United States products or services covered by the '358

patent. Oracle provides these products or services and provides instructions on their use to

others, such as platform partners, agency partners, app developers, customers, and end

customers, who provision for use, offer for sale, or sell in the United States products or services

that directly infringe at least claims 1, 9, and 17 of the '358 patent. *See, e.g.*, https://docs.oracle.

com/en/cloud/saas/marketing/infinity-user/Help/getting_started/about_infinity_analytics.htm;
https://docs.oracle.com/en/cloud/saas/marketing/infinity-develop/docs/data_collection/form_
tracking_plugin.htm; https://docs.oracle.com/en/cloud/saas/marketing/eloqua-user/Help/
Dashboards/Dashboards/FormPerformance.htm; https://docs.oracle.com/en/cloud/saas/
marketing/infinity-develop/docs/data_collection/event_tracker_plugin.htm; https://docs.oracle.
com/en/cloud/saas/marketing/eloqua-user/Help/Forms/Tasks/
WorkingWithFieldsElementsGroups.htm; https://docs.oracle.com/en/cloud/saas/marketing/
eloqua-user/Help/Forms/FieldsElementsGroups.htm; https://www.oracle.com/a/ocom/docs/
integrating-infinity-and-responsys.pdf; https://docs.oracle.com/en/cloud/saas/marketing/infinity-
user/Help/actions/actions_overview.htm; https://docs.oracle.com/en/cloud/saas/marketing/
infinity-user/Help/actions/tasks/creating_actions.htm; https://docs.oracle.com/en/cloud/saas/
marketing/infinity-user/Help/actions/tasks/actiontypes/creatingactions_unity.htm; https://docs.
oracle.com/en/cloud/saas/marketing/infinity-user/Help/actions/tasks/actiontypes/creatingactions_
unitysource.htm; https://docs.oracle.com/en/cloud/saas/marketing/infinity-user/Help/actions/
tasks/actiontypes/creatingactions_responsys.htm; https://docs. oracle. com/en/cloud/saas/
marketing/infinity-user/Help/actions/actions_scenarios.htm; https://docs.oracle.com/en/cloud/
saas/marketing/infinity-user/Help/actions/actions_behaviors.htm; https://docs.oracle.com/en/
cloud/saas/marketing/infinity-develop/docs/data_collection/verify_tag.htm.

70.     Oracle also contributes to the infringement of the '358 patent by others by
knowingly providing products and services that, when configured by its customers, partners, or
developers, result in a system that directly infringes at least claims 1, 9, and 17 of the '358
patent. *See, e.g.*, *id.*

71.     Oracle is liable for infringement of the '358 patent due to its actions in this

District and throughout the United States. Oracle's infringing conduct has caused MOV-ology to

suffer damages and irreparable harm.

**Prayer for Relief**

MOV-ology asks the Court to enter judgment as follows:

A.      Enter judgment that Oracle has infringed and continues to infringe each of the

asserted patents;

B.      Award damages in an amount to be proven at trial, but in no event less than a

reasonable royalty to compensate MOV-ology for Oracle's infringement, plus pre- and post-

judgment interest at the maximum permissible rate;

C.      Award reasonable attorneys' fees against Oracle to MOV-ology as allowed under

35 U.S.C. § 285;

D.      Award expenses, costs, and disbursements against Oracle, including interest;

E.      Permanently enjoin Oracle, its officers, agents, affiliates, employees, attorneys,

and all others acting in concert or along with Oracle from infringing the asserted patents; and

F.      Award any other relief the Court deems just and proper.

**Demand for Jury Trial**

MOV-ology demands a trial by jury for all triable claims under Fed. R. Civ. P. 38.

Respectfully submitted,

Dated: February 19, 2025          By: *Karl Rupp*_____
                                        Karl Rupp (State Bar No. 24035243)
                                           krupp@soreylaw.com
                                        **Sorey & Hoover LLP**
                                        100 North Sixth Street, Suite 502
                                        Waco, Texas 76701
                                        Telephone: 903-230-5600

Robert Gilman
     rgilman@princelobel.com
Patrick A. Fitch (*pro hac vice* forthcoming)
    pfitch@princelobel.com
Jonathan DeBlois
    jdeblois@princelobel.com
**Prince Lobel Tye LLP**
One International Place, Suite 3700
Boston, Massachusetts 02110
Telephone:  +1 (617) 456-8000

*Attorneys for MOV-ology LLC*