UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MOV-ology LLC,<br><br>      Plaintiff,<br><br>v.<br><br>Oracle Corporation and Oracle America, Inc.<br><br>      Defendants. | Civil Action No. 1:25-cv-246-ADA |

**DEFENDANTS' ORACLE CORPORATION AND ORACLE AMERICA, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................1

II. FACTUAL BACKGROUND................................................................................................1

    A. Procedural History ....................................................................................................1

    B. The Asserted Patents.................................................................................................2

III. LEGAL STANDARD...........................................................................................................3

    A. Motion to Dismiss Under Rule 12(b)(6)...................................................................3

    B. Pleading Direct Infringement....................................................................................4

    C. Pleading Compliance With 35 U.S.C. § 287 ............................................................4

IV. ARGUMENT.........................................................................................................................5

    A. MOV-ology's Direct Infringement Claims Should Be Dismissed ...........................5

        1. Mov-ology Fails to Plausibly Allege that the Oracle Products Obtain and/or Utilize "user-entered text" as Required by the Asserted Claims ...................................................................................................6

        2. MOV-ology Fails to Plausibly Allege that the Oracle Products Perform "parsing the data structure to obtain the at least one HTML element"................................................................................................9

    B. Any Claim to Pre-Suit Damages Should Be Dismissed .........................................11

V. CONCLUSION....................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adnexus Inc. v. Meta Platforms, Inc.*,
  No. 6:23-cv-152, 2024 WL 409738 (W.D. Tex. Feb. 2, 2024) ................................................6

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ................................................................................................11

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ...............................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................3

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ........................................................................................4, 5, 11

*CPC Patent Tech. Pty. Ltd. v. Apple Inc.*,
  No. 6:21-cv-00165, 2022 WL 118955 (W.D. Tex. Jan. 12, 2022) ..........................................4

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ..................................................................................................................4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ...............................................................................................6

*Metricolor LLC v. L'Oreal S.A.*,
  791 F. App'x 183 (Fed. Cir. 2019) ......................................................................................4, 5

*Mfg. Res. Int'l Inc. v. Civiq Smartscapes LLC*,
  397 F. Supp. 3d 560 (D. Del. 2019) ..................................................................................5, 11

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ...............................................................................................6

*Ortiz & Assoc. Consulting, LLC v. Ricoh USA, Inc.*,
  No. 6:21-cv-01178, 2023 WL 2904583 (W.D. Tex. Apr. 11, 2023) ....................................4, 5

*Vervain, LLC v. Micron Tech., Inc.*,
  6:21-cv-00487, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ........................................... passim

*VLSI Tech. LLC v. Intel Corp.*,
  No. 6:21-cv-00299, 2021 WL 2773013 (W.D. Tex. Apr. 12, 2021) ..................................5, 11

**STATUTES**

35 U.S.C § 287(a) ..................................................................................................4, 11, 12

**I.      INTRODUCTION**

Defendants Oracle Corporation and Oracle America, Inc. (collectively, "Oracle") respectfully move to dismiss Plaintiff MOV-ology LLC's ("Plaintiff" or "MOV-ology") Complaint pursuant to Rule 12(b)(6).  Specifically, Oracle moves to dismiss (1) Plaintiff's direct infringement claims and (2) all of Plaintiff's claims with respect to pre-suit damages, if the Court does not dismiss the claims entirely.

Plaintiff's direct infringement allegations fail to plausibly allege that Oracle's products perform key limitations of the asserted claims.  Specifically, MOV-ology's Complaint fails to adequately allege that the Accused Products practice the key elements of (1) obtaining and/or using "user-entered text" and (2) "parsing the data structure to obtain the at least one HTML element." For these limitations, instead of factual content, the Complaint's claim charts merely parrot the claim language and then provide screenshots that fail to plausibly show that Oracle's products perform these limitations.  This assertion fails the pleading standard for direct infringement. Additionally, Plaintiff alleges no facts that show it is entitled to pre-suit damages.  Oracle respectfully requests that the Court dismiss Plaintiff's Complaint.

**II.     FACTUAL BACKGROUND**

**A.      Procedural History**

On February 19, 2025, Plaintiff filed its Complaint against Oracle alleging infringement of four patents: U.S. Patent Nos. 9,280,531 (the "'531 patent), 9,286,282 (the "'282 patent"), 9,589,281 (the "'281 patent), and 10,769,358 (the "'358 patent") (collectively, the "Asserted Patents"). Dkt. 1.  The Complaint purports to allege that several of Oracle's software products—Infinity, Responsys, and Eloqua (collectively, the "Accused Products")—infringe the Asserted Patents when used in conjunction with each other.  *See id.*, Exs. E, F, G, H (claim charts).

Plaintiff's Complaint includes claims for direct infringement (*id.* ¶¶ 28, 39, 50, 62), induced infringement (*id.* ¶¶ 34, 45, 57, 69), and contributory infringement (*id.* ¶¶ 35, 46, 58, 70) for all four Asserted Patents.  The parties filed a joint notice, pursuant to this Court's Standing Order Governing Proceedings (OGP)—Patent Cases, that Plaintiff is voluntarily dismissing its claims for induced infringement and contributory infringement under Section VII of the OGP.  Dkt. 12.

### B.      The Asserted Patents

The Asserted Patents are all interrelated, each claiming priority to the same provisional application.  Three are entitled "Obtaining Data From Abandoned Electronic Forms," '282 patent at Title; '281 patent at Title; '358 patent at Title, while the fourth is entitled "Marketing To Consumers Using Data Obtained From Abandoned Electronic Forms," '531 patent at Title.  They all have nearly the same specification and are generally directed to the same purported invention. According to the Complaint, the Asserted Patents address the problem of "potential customers beginning to fill out an online form only to abandon the form without submitting it" by "allow[ing] a website owner to know whether a user has abandoned or otherwise not completed a web form and to capture in real or near-real time the unsubmitted information."  Dkt. 1, ¶¶ 21-22.

Asserted claim 1 of the '531 patent is exemplary of the issues raised in this motion:

> 1. A method to market to consumers with data obtained from abandoned electronic forms, the method comprising:
>
> determining that an electronic form access by a user has been abandoned by the user, the electronic form having embedded computer-executable instructions and one or more fields configured ***to accept user-entered text***, the electronic form comprising at least one hypertext markup language (HTML) element associated with the one or more fields, the at least one HTML element having at least one attribute;
>
> ***obtaining data from the abandoned electronic form*** with the embedded computer-executable instructions by building a data structure based on the abandoned electronic form;
>
> ***parsing the data structure to obtain the at least one HTML element***;

> storing one or more of the at least one HTML element, the at least one attribute, and ***the user-entered text***;
>
> determining identifying information of the user ***based at least in part on the user-entered text***;
>
> identifying a preferred communication medium of the user; and
>
> sending a personalized message to the user based at least in part on the identifying information via the preferred communication medium to entice the user to complete the electronic form.

'531 patent at cl. 1.[1]

While the various asserted claims have some different limitations, each contains one or more of the emphasized language above from claim 1 of the '531 patent, or similar limitations. Specifically, every claim requires (1) obtaining and using "user-entered text" (*see* '531 patent at cls. 1, 10; '281 patent at cls. 1, 9; '358 patent at cls. 1, 9, 17) and/or (2) "parsing the data structure to obtain the at least one HTML element" (*see* '531 patent at cls. 1, 10; '282 patent at cls. 1, 9; '281 patent at cls. 1, 9, 17; '358 patent at cls. 1, 9).

### III.    LEGAL STANDARD

#### A.    Motion to Dismiss Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if it contains sufficient facts to support a "reasonable inference" of liability. *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet the plausibility standard. *Id.* Although "specific facts are not

---

[1] All emphasis herein is added unless otherwise noted.

necessary," a complaint should provide "fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up) (citation omitted).

### B. Pleading Direct Infringement

For direct infringement allegations to satisfy the pleading standard, a plaintiff must allege sufficient facts to "articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Allegations that are "conclusory," "merely track the claim language," do not "plausibly allege" that the accused product meets key limitations, or are "inconsistent with" infringement are insufficient. *Id*. at 1354-55. Consequently, when "nothing in the complaint shows that the Accused Products contain [an element] required by the independent claims," a complaint "fail[s] to sufficiently plead a claim of patent infringement[.]" *Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019). Patent infringement claims should be dismissed when a plaintiff's pleading "fails to identify an essential element in the claim chart." *Ortiz & Assoc. Consulting, LLC v. Ricoh USA, Inc.*, No. 6:21-cv-01178-ADA, 2023 WL 2904583, at *4 (W.D. Tex. Apr. 11, 2023). This is particularly true when the element is "clearly 'material' to novelty and non-obviousness." *Vervain, LLC v. Micron Tech., Inc.*, 6:21-cv-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022).

### C. Pleading Compliance With 35 U.S.C. § 287

"'The patentee bears the burden of pleading and proving he complied with § 287(a).'" *CPC Patent Tech. Pty. Ltd. v. Apple Inc.*, No. 6:21-cv-00165-ADA, 2022 WL 118955, at *2 (W.D. Tex. Jan. 12, 2022) (quoting *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017)). "At the motion to dismiss stage, a claim for past damages requires pleading compliance with the marking statute . . . ." *Id.* (internal quotation marks omitted). A patentee that makes or sells a patented product must mark such products or else no damages can be recovered before the date the alleged infringer received notice of the alleged infringement. *See* 35 U.S.C §

287(a). When the patent numbers are posted on the Internet, "the posting must associate the patented article with the number of the patent. Thus, a mere direction to an Internet website that simply lists patents—without mentioning associating any patent with a specific patented article—does not satisfy the marking obligation as a matter of law." *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00299-ADA, 2021 WL 2773013, at *3 (W.D. Tex. Apr. 12, 2021) (citing *Mfg. Res. Int'l Inc. v. Civiq Smartscapes LLC*, 397 F. Supp. 3d 560, 578 (D. Del. 2019)) (internal quotation marks, alterations, and citations omitted).

## IV. ARGUMENT

### A. MOV-ology's Direct Infringement Claims Should Be Dismissed

MOV-ology fails to adequately plead that Oracle directly infringes at least one claim of any Asserted Patent. MOV-ology "cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8*, 4 F.4th at 1353. Instead, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.* Accordingly, a complaint that fails to allege any facts showing that an accused product meets a particular claim limitation should be dismissed. *See, e.g.*, *Metricolor*, 791 F. App'x at 188 (affirming dismissal of direct infringement claims because "nothing in the complaint shows that the Accused Products contain the 'air-tight reclosing seal' / 'air-tight reclosable seal' required by the independent claims"); *Ricoh*, 2023 WL 2904583, at *4 (dismissing direct infringement claims because "[plaintiff] fails to identify an essential element in the claim chart—the server . . . . Without so much as identifying the existence of a server, [plaintiff] fails to plausibly suggest that the accused product meets each limitation of the asserted claim."). Here, MOV-ology fails to plead facts sufficient to infer that the Accused Products meet at least the

independent claim limitations of (1) obtaining and/or using "user-entered text" and/or (2) "parsing the data structure to obtain the at least one HTML element."[2]

### 1. Mov-ology Fails to Plausibly Allege that the Oracle Products Obtain and/or Utilize "user-entered text" as Required by the Asserted Claims

The Complaint fails to plausibly allege that the Accused Products obtain and/or use "user-entered text" as required at least by independent claims of the '531, '281, and '358 Patents. *See, e.g.*, '531 patent at cl. 1 ("determining identifying information of the user based at least in part on the **user-entered text**"); '281 Patent at cl. 1 ("sending a personalized message to the user based at least in part on . . . the **user-entered text** obtained from the incomplete electronic form"); '358 patent at cl. 1 ("storing contact profile information that comprises at least a portion of the **user-entered text** obtained from the incomplete electronic form").

The "user-entered text" limitations are material to the asserted claims and must be pled with a high level of sufficient detail. First, the technology behind Oracle's Accused Products involves interactions between various pieces of websites, web applications, and other software—it is not a simplistic technology. *See Vervain*, 2022 WL 23469, at *5. Furthermore, the central idea of all the Asserted Patents is collecting, storing, and/or using information that a user types into an online form before subsequently abandoning the form. Each Asserted Patent states that

---

[2] While Plaintiff chose to voluntarily dismiss its indirect infringement claims, *see* Dkt. 12, "[i]t is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) (citation and internal quotation marks omitted). MOV-ology's claims for indirect infringement are based on the theory that Oracle's customers infringe the Asserted Patents by using the Accused Products. *See* Dkt. 1, ¶¶ 34, 45, 57, 69 (induced infringement claims); *id.* ¶¶ 35, 46, 58, 70 (contributory infringement claims). At least because MOV-ology fails to plead sufficient facts showing that the Accused Products can be used to directly infringe the Asserted Patents, MOV-ology's indirect infringement claims would have been required to be dismissed as well. *Adnexus Inc. v. Meta Platforms, Inc.*, No. 6:23-cv-152-JKP, 2024 WL 409738, at *5 (W.D. Tex. Feb. 2, 2024) (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1345, 1357 (Fed. Cir. 2018)).

"[t]he present invention comprises a computer-implemented identification and marketing service that identifies consumers or website visitors ***that fail to complete an electronic form*** and permits marketing, such as targeted or personalized marketing, to these visitors." '531 patent at 3:66-4:3; '282 patent at 3:41-45; '281 patent at 3:45-49; '358 patent at 3:45-49; *see also, e.g.*, '531 patent at Abstract ("Visitors that abandon electronic or computer-generated forms before completing and submitting the form are lost to business entities. Data obtained from abandoned electronic or computer-generated forms is used to identify these lost visitors."); '282 patent at Abstract; '281 patent at Abstract; '358 patent at Abstract. Moreover, the claims repeatedly refer to obtaining and/or using "user-entered text." *See, e.g.*, '531 patent at cls. 1, 10; '281 patent at cls. 1, 9; '358 patent at cls. 1, 9, 17. Indeed, the Complaint itself repeatedly highlights this as a central aspect of the inventions. *See, e.g.*, Dkt. 1, ¶¶ 2 (referencing "capturing data as soon as a customer types it into a web form"), 3 (describing patents as "covering systems and methods for capturing, analyzing, and acting on information gathered from incomplete or abandoned web forms"), 21-22. Given the central importance of the "user-entered text" elements to the Asserted Patents, these elements are "material to practicing the asserted claim[s]." *Vervain*, 2022 WL 23469, at *5. In this situation, the Complaint must meet "a higher level of pleading" and "summarily alleging that each and every limitation is satisfied" does not suffice. *Id*. (finding limitation material relying in part on the complaint describing the limitation "as being the nut of the invention").

But MOV-ology fails to allege any facts showing that the Accused Products obtain, store, or utilize user-entered text from an abandoned form—because this is not something that Oracle's products do. Rather than allege facts about the Accused Products, the Complaint simply recites the claim language and then pastes screenshots from Oracle's websites that discuss data or events related to abandoned forms and related statistics. *See, e.g.*, Dkt. 1-6, Ex. E, at 12-13, 19-30, 33-

7

35; Dkt. 1-8, Ex. G, at 13-18, 20, 24-29; Dkt. 1-9, Ex. H, at 12-34. However, the Complaint's charts do *not* allege any facts showing that Oracle's products obtain, store, or utilize *any information entered into a form by a user*—let alone "user-entered text." Nothing of the sort appears anywhere in the claim charts. The claims specifically require that the Accused Products obtain, store, and/or use "user-entered text," and there are no facts pled that either show or imply that the Accused Products perform these functions.



*See, e.g.*, Dkt. 1-9, Ex. H, at 16 (showing true/false parameters related to form abandonment *events*, not information entered into a form by a user).

Consequently, MOV-ology does not allege any facts showing that the Accused Products utilize user-entered text to "send[] a personalized message," "determin[e] identifying

information," or "obtain additional information about the user" as required at least by claims of the '531, '281, and '358 patents, respectively.

Because the Complaint fails to allege any facts showing or supporting an inference that the Accused Products practice the key elements of obtaining or using "user-entered text" in the '531, '281, and '358 patents, MOV-ology's direct infringement claims for these patents should be dismissed.

### 2. MOV-ology Fails to Plausibly Allege that the Oracle Products Perform "parsing the data structure to obtain the at least one HTML element"

The Complaint likewise fails to plausibly allege that the Accused Products perform "parsing the data structure to obtain the at least one HTML element." *See* '531 patent at cls. 1, 10; '282 patent at cls. 1, 9; '281 patent at cls. 1, 9, 17; '358 patent at cls. 1, 9.

The "parsing" limitations are material to the asserted claims and must be pled with a high level of sufficient detail. Again, the technology behind Oracle's Accused Products is not simplistic. *See Vervain*, 2022 WL 23469, at *5. Furthermore, the "parsing" limitations have been identified by the USPTO as a point of novelty. For example, in the January 25, 2016 Notice of Allowance for the '282 patent, the examiner noted that the closest known prior art "teaches the general concept of determining that an electronic form has been abandoned by a user and obtaining and storing data from the abandoned electronic form."[3] Ex. 1 at 7. What was supposedly not taught in the prior art, but claimed was "building a data structure based on the electronic form and ***parsing the data structure to obtain an HTML element*** having user entered text stored in a field of the HTML element." *Id.* Again, in this situation the Complaint must meet "a higher level of

---

[3] The Court may take judicial notice of the file history. *See Vervain*, 2022 WL 23469, at *5 n.2.

pleading" and "summarily alleging that each and every limitation is satisfied" does not suffice. *Vervain*, 2022 WL 23469, at *5.

The Complaint's claim charts fail to satisfy the appropriate level of pleading the "parsing" limitation. Rather than allege any facts about the Accused Products, the Complaint simply recites the claim language and then pastes screenshots about the Accused Products. But none of the screenshots mention, show, or imply in any way the existence of a "parsing" operation in the accused functionalities of Oracle's products. *See* Dkt. 1-6, Ex. E, at 14-18; Dkt. 1-7, Ex. F, at 12-17, Dkt. 1-8, Ex. G, at 13-23. The screenshots merely show data parameters and browser events that may be tracked. But none refer to "parsing a data structure" or anything like it. No form of the word "parsing" appears anywhere. Moreover, no screenshot refers to parsing in order to "obtain the at least one HTML element." The word "HTML" does not appear in any screenshot and HTML elements are not discussed anywhere.



*See, e.g.*, Dkt. 1-7, Ex. F, at 13 (lacking any reference to "parsing" or "HTML").

In other words, MOV-ology simply "recit[es] the claim elements and merely conclud[es] that the accused product has those elements" with respect to the "parsing" element. *Bot M8*, 4 F.4th at 1353. Because that is insufficient, MOV-ology's direct infringement allegations premised on asserted claims from all the Asserted Patents with the "parsing" limitation should be dismissed. *See Vervain*, 2022 WL 23469, at *9.

### B.     Any Claim to Pre-Suit Damages Should Be Dismissed

It is unclear from the Complaint whether MOV-ology is seeking pre-suit damages. MOV-ology only states that it "owns . . . the right to any remedies for infringement, including for past damages." Dkt. 1, ¶ 20. However, to the extent that MOV-ology is claiming pre-suit damages, these claims should be dismissed for failure to plead compliance with 35 U.S.C. § 287(a).

Under 35 U.S.C § 287(a), a patentee that makes or sells patented products must mark such products or else no damages can be recovered before the date the alleged infringer received notice of the alleged infringement. *See VLSI Tech.*, 2021 WL 2773013, at *2 (summarizing 35 U.S.C. § 287(a)). MOV-ology alleges that it sells patented products, including at least the "Capture" and "Recover" software products. Dkt. 1, ¶¶ 2-3. Further, because the Complaint asserts both apparatus and method claims for each Asserted Patent, compliance with 35 U.S.C. § 287(a) is required for pre-suit damages. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993).

But the Complaint fails to plead compliance with 35 U.S.C § 287(a). To the extent paragraph 4 of the Complaint is an attempt to plead compliance with the marking requirement, it is deficient. At most, MOV-ology alleges there is a "website that simply lists patents—without mentioning associating any patent with a specific article." *VLSI Tech.*, 2021 WL 2773013, at *3. But that "does not satisfy the marking obligation as a matter of law." *Id.*; *see also Civiq*, 397 F. Supp. 3d at 577 ("[I]t is clear from the plain language of the [marking] statute itself and related

11

statutes that the website itself must do more than simply list the patentee's patents."). Because—as a matter of law—MOV-ology has not alleged facts sufficient to infer compliance with the marking requirement of 35 U.S.C. § 287(a), any claim to pre-suit damages should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court dismiss the Complaint.

Dated: May 16, 2025                              Respectfully submitted,

/s/ *Paige Arnette Amstutz*
Paige Arnette Amstutz (SBN 00796136)
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: 512.495.6300 | Fax: 512.495.6399

LATHAM & WATKINS LLP
Jeffrey G. Homrig (SBN 215890)
300 Colorado St., Suite 2400
Austin, TX 78701
Tel: 737-910-7300 | Fax: 737-910-7301
jeff.homrig@lw.com

*Counsel for Defendants*
*Oracle Corporation and Oracle America, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that, on May 16, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

>/s/ *Paige Arnette Amstutz*
>Paige Arnette Amstutz